## UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

**DR. CHARMAINE SAUNDERS**,

 Plaintiff,                                        **Case No.:**_____

v.

**NEIGHBORHOOD RESTAURANT PARTNERS, LLC (d/b/a Applebee's), AMBER BERGEN, LINDSAY MEADOWS, JOHN DOE (third Applebee's employee), JEREMY SMITH, FORREST ANDREWS, LYDECKER LLP, DANIELLA ESCOBIO, FLORIDA DEPARTMENT OF LAW ENFORCEMENT, FLORIDA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES, CITY OF LAKELAND, and ATTORNEY JASON MURPHY**,

Defendants.

_____/

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

## INTRODUCTION

1.  Plaintiff Charmaine Saunders brings this action pursuant to 42 U.S.C. § 1983 and related constitutional provisions, seeking redress for egregious and coordinated violations of her civil rights by state officials, judicial officers, legal counsel, and private actors working under color of state law.

2.  This action arises from a pattern of judicial misconduct, denial of access to courts, retaliation for protected legal activity, falsification and concealment of public records, sexual assault and spoliation of evidence by private entities, and coordinated governmental suppression of Plaintiff's rights under the First, Second, and Fourteenth Amendments.

3.  Plaintiff was denied a concealed carry license in the state of Florida despite holding a valid license from the state of Texas. The denial was based on shifting, discriminatory, and retaliatory justifications including being labeled a criminal, an immigrant, and accused of improperly completing paperwork—despite the licensing process being conducted on a computerized system requiring proof of passport, citizenship, and training certification.

2

4.  The City of Lakeland escalated these retaliatory actions by unlawfully referring Plaintiff to the Department of Homeland Security and placing her under surveillance by undercover officers.

5.  The Florida Department of Law Enforcement (FDLE) refused to comply with lawful public records requests related to Plaintiff's assault and legal proceedings, withholding documents until compelled by federal court order.

6.  These actions collectively represent a malicious and unconstitutional abuse of state power, orchestrated to deprive Plaintiff of access to justice, to silence her advocacy, and to suppress evidence of wrongdoing by state and private actors.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. This Court also has jurisdiction under 28 U.S.C. § 1343, which provides for jurisdiction in civil rights cases, and 28 U.S.C. § 2201, which authorizes declaratory relief.

8.  Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District, including in Polk County, Florida.

**PARTIES**

9.  Plaintiff **DR. CHARMAINE SAUNDERS** is an individual and resident of
the state of Florida.

10. Defendant **NEIGHBORHOOD RESTAURANT PARTNERS, LLC
(d/b/a Applebee's)** is a Georgia limited liability company operating
Applebee's restaurants in Florida.

11. Defendants **AMBER BERGEN** and **LINDSAY MEADOWS** were
employees of Applebee's at the time of the incident and are sued in their
individual capacities.

12. Defendant **JOHN DOE** is an unidentified Applebee's employee who
participated in the sexual assault of Plaintiff and is sued under a fictitious
name pending discovery.

13. Defendant **JEREMY SMITH** is an individual who drugged and committed
acts of sexual assault against Plaintiff. Smith is a known violent felon, and
based on his prior criminal record, the offenses committed against Plaintiff
would have made him eligible for life imprisonment under Florida's habitual
felony offender statute. Despite this, no criminal charges were pursued by
authorities.

14. Defendant **FORREST ANDREWS** is an attorney licensed in Florida and a
partner at Lydecker LLP who, at all relevant times, acted in conspiracy with

public officials and private defendants to violate Plaintiff's constitutional rights.

15. Defendant **LYDECKER LLP** is a Florida law firm that employed Forrest Andrews and **DANIELLA ESCOBIO** during the relevant period.

16. Defendant **DANIELLA ESCOBIO** is an attorney who submitted perjured statements and participated in the conspiracy to obstruct Plaintiff's access to justice.

17. Defendant **FLORIDA DEPARTMENT OF LAW ENFORCEMENT (FDLE)** is a state law enforcement agency responsible for maintaining public records and complying with lawful FOIA requests.

18. Defendant **FLORIDA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES** is the state agency responsible for administering concealed carry licenses in Florida and unlawfully denied Plaintiff's application under false pretenses. At the time of Plaintiff's application, state law permitted the issuance of concealed carry licenses to individuals holding valid permits from states with reciprocity. The agency's actions contradicted the governing law at that time, which has since been revised, and constituted a discriminatory and retaliatory deviation from standard procedures.

19. Defendant **CITY OF LAKELAND** is a municipal entity whose agents and officers participated in the misconduct alleged herein.

20. Defendant **ATTORNEY JASON MURPHY** is an individual licensed to practice law in Florida and engaged in acts of evidence falsification, obstruction, and **HIPAA** violations as alleged herein.

## FACTUAL BACKGROUND

21. On July 27, 2021, Plaintiff Charmaine Saunders visited the Applebee's restaurant located at 230 Arteva Drive, Lakeland, Florida, operated by Defendant Neighborhood Restaurant Partners, LLC, to pick up a takeout order.

22. Upon arrival, Plaintiff was told to wait for her food, and despite the simplicity of the order—one glass of chardonnay—Plaintiff was deliberately delayed for approximately 30 to 45 minutes. This delay appeared calculated to allow Defendant Jeremy Smith sufficient time to reach the restaurant and execute a premeditated, devious plot. During this time, Applebee's employees Amber Bergen and Lindsay Meadows observed Plaintiff closely, coordinating communication with Defendant Jeremy Smith.

23. While at the restaurant, Plaintiff was approached by Defendant Jeremy Smith, a convicted felon previously unknown to her. Applebee's employees facilitated Smith's access to Plaintiff, including allowing him entry into the restroom after Plaintiff had been drugged and incapacitated. Defendant

Amber Bergen provided Smith with a small, opened bottle of ginger ale to take to the restroom, which was also tainted with GHB. This specific bottle, according to Bergen's previous testimony, was not for consumer sale but was a bar mixture product used internally by Applebee's.

24. Plaintiff was drugged and later sexually assaulted by Jeremy Smith and a second Applebee's employee, identified as John Doe. Plaintiff was removed from the premises while in a drugged state and placed in Smith's vehicle without her consent.

25. Despite clear signs that Plaintiff was incapacitated and that the situation warranted emergency intervention, Applebee's staff failed to notify law enforcement or medical personnel. Instead, they knowingly enabled the events to occur and concealed their involvement afterward.

26. Surveillance footage from the restaurant was later found to be edited, with critical frames removed and new frames inserted. This manipulation of evidence was carried out in coordination with local law enforcement and defense counsel to misrepresent the events of the night and obstruct Plaintiff's access to justice.

27. Plaintiff later secured the services of a certified forensic video expert who confirmed the footage had been tampered with, including deletion of frames

and insertion of false sequences to obscure the timeline and identities involved.

28. Plaintiff filed criminal complaints and civil legal actions related to the assault. In response, she was met with systemic resistance, including court clerks redacting filings, denying portal access, and judges refusing to rule on dispositive motions.

29. Attorneys Forrest Andrews and Daniella Escobio, acting under the authority of Lydecker LLP and in coordination with judicial officers, filed falsified certifications, withheld material evidence, and submitted perjured affidavits to mislead the court and undermine Plaintiff's claims. In one such instance, Defendant Andrews was personally presented with a valid subpoena issued by the City of Miami Police Department. Rather than comply, he obstructed lawful service by falsely claiming he did not represent the named clients, despite prior certifications indicating that he was indeed counsel of record at the time. Additionally, Defendant Andrews created and submitted a falsified email address purporting to belong to Plaintiff, which redirected confidential court communications and interfered with Plaintiff's right to receive notice and access the courts. Such conduct may constitute criminal violations under 18 U.S.C. § 1343 (wire fraud), § 1519 (destruction, alteration, or

falsification of records in federal investigations), and § 1505 (obstruction of proceedings before departments, agencies, and committees).

30. These actions were intended not only to obstruct justice but to protect their clients—who had stalked, harassed, and repeatedly burglarized Plaintiff's residence in the weeks leading up to the gang rape. The rape itself would not have occurred had Andrews and Escobio's client not lured Plaintiff into a residential lease agreement under false pretenses, fraudulently advertising the property as a secure, gated community with 24-hour surveillance and nighttime security, with posted community signs reflecting that false narrative that were later removed within days following the brutal gang rape.

31. Following the assault, Plaintiff's efforts to pursue justice were met not only with judicial obstruction and attorney misconduct, but with overt retaliation by state agencies. Plaintiff applied for a Florida concealed carry license using a secure, proctored system, submitting valid forms of identification, including a U.S. passport, driver's license, and a valid Texas concealed carry license.

32. Despite meeting all requirements under Florida law at the time, Plaintiff's application was rejected under conflicting and discriminatory grounds. The Florida Department of Agriculture and Consumer Services alternately claimed that Plaintiff was a criminal, an immigrant, and had failed to

properly complete the application. These statements were false and defamatory and served to further retaliate against Plaintiff for her legal advocacy.

33. Compounding this retaliation, the Florida Department of Law Enforcement (FDLE) delayed and obstructed multiple lawful public records requests made by Plaintiff regarding her 2021 assault. Only after being compelled by a federal court order did the agency provide a partial response—failing to include key documentation that remains withheld to this day. It does not take two years to fulfill a lawful Open Records or FOIA request, and FDLE's prolonged delay constitutes obstruction, abuse of authority, and retaliation against a civil rights complainant. These delays and obstructions were not merely bureaucratic failures but were executed in coordination with the City of Lakeland and the Lakeland Police Department to suppress damaging information and shield the city from accountability during a time of heightened national scrutiny in the wake of the George Floyd murder and ongoing civil unrest. This demonstrates a broader motive to protect institutional interests at the expense of Plaintiff's constitutional rights.

34. In an act of further retaliation, Plaintiff was wrongfully referred to the U.S. Department of Homeland Security by City of Lakeland officials—despite

being a U.S. citizen. This action was baseless, invasive, and intended to intimidate Plaintiff and derail her civil rights claims.

35. Plaintiff was also placed under surveillance by undercover officers during this period. These actions created an atmosphere of fear and intimidation, directly interfering with Plaintiff's right to seek redress and live safely while pursuing her claims. Plaintiff's professional career has also been severely impacted by the horrific chain of events—circumstances entirely outside her control. These events have subjected her to public exposure, ongoing trauma, and reputational harm that continues to limit her employment opportunities and professional growth. The nightmare has not ended. Plaintiff continue to be subjected to stalking, harassment, and targeted acts of intimidation. Her vehicle tires have been slashed on two separate occasions, and she remains under apparent surveillance by city officials.

## CAUSES OF ACTION

**Count I: Deprivation of Civil Rights Under Color of State Law (42 U.S.C. § 1983) Against: All Defendants Acting Under Color of Law**

36. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 35 as if fully set forth herein.

**37.** Defendants, acting individually and in concert, engaged in a deliberate, coordinated effort to violate Plaintiff's constitutional rights under color of state law.

**38.** Plaintiff's rights under the First, Second, Fourth, and Fourteenth Amendments to the U.S. Constitution were violated by Defendants' actions, including but not limited to:

*See Monroe v. Pape,* 365 U.S. 167 (1961) (holding that § 1983 provides a remedy against state actors who violate constitutional rights); *Hope v. Pelzer, 536 U.S. 730 (2002)* (qualified immunity does not protect clearly unconstitutional conduct); *Anderson v. Creighton, 483 U.S. 635 (1987)* (officials are liable under § 1983 when they violate clearly established rights of which a reasonable person would have known).

- Suppressing protected speech and legal advocacy (First Amendment);

- Obstructing Plaintiff's ability to legally obtain a firearm license (Second Amendment);

- Subjecting Plaintiff to unlawful surveillance and invasion of privacy (Fourth Amendment);

- Denying equal protection and due process, including access to courts and public records (Fourteenth Amendment).

39. Defendants' conduct was intentional, malicious, and carried out with reckless disregard for Plaintiff's rights, causing irreparable harm, emotional trauma, reputational damage, and financial loss.

40. As a direct and proximate result, Plaintiff is entitled to compensatory damages, punitive damages, attorneys' fees pursuant to 42 U.S.C. § 1988, and any other relief this Court deems just and proper.

## Count II: Conspiracy to Violate Civil Rights (42 U.S.C. § 1983) Against: All Defendants

41. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42. Defendants, while acting under color of law and/or in concert with state actors, knowingly and willfully conspired to deprive Plaintiff of her constitutional rights, including her rights to equal protection, due process, access to the courts, and personal safety.

43. Defendants reached a meeting of the minds to undertake overt acts in furtherance of this conspiracy, including but not limited to: tampering with and concealing surveillance evidence, issuing false court statements and

certifications, obstructing court access, delaying public records requests, submitting perjured affidavits, retaliating through concealed carry denial and immigration referral, and coordinating unlawful surveillance.

See *Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)* (holding that private parties acting jointly with state officials may be liable under § 1983); *Dennis v. Sparks, 449 U.S. 24 (1980)* (judicial immunity does not shield private individuals who conspire with state actors); *Revell v. City of Jersey City, 394 F. App'x 903 (3d Cir. 2010)* (allegations of a meeting of the minds and overt acts are sufficient to state a § 1983 conspiracy claim).

44. These conspiratorial actions were not isolated incidents but instead formed a pattern of retaliatory behavior intended to silence Plaintiff, discredit her legally protected complaints, and shield the misconduct of the individuals and institutions involved in her assault and its cover-up.

45. As a direct and proximate result of Defendants' conspiracy, Plaintiff suffered violations of her constitutional rights, irreparable harm, emotional distress, reputational damage, and financial loss.

46. Plaintiff is entitled to compensatory and punitive damages, attorneys' fees under 42 U.S.C. § 1988, and all other relief the Court deems appropriate.

## Count III: Failure to Intervene (42 U.S.C. § 1983) Against: FDLE, Florida Department of Agriculture, and City of Lakeland Officials

47. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48. Defendants, despite having knowledge of ongoing constitutional violations, failed to intervene or act to prevent the harm inflicted upon Plaintiff, including suppression of public records, denial of due process, and targeted retaliation.

49. These defendants had the authority and responsibility to act to prevent ongoing abuse but willfully turned a blind eye, thereby enabling further constitutional violations.

50. As a result of this failure to intervene, Plaintiff suffered ongoing harm, emotional distress, reputational damage, and limitations in her access to the justice system.

51. Plaintiff is entitled to compensatory and punitive damages, attorneys' fees under 42 U.S.C. § 1988, and any other relief this Court deems appropriate.

## Count IV: Monell Liability for Custom, Policy, or Practice (42 U.S.C. § 1983) Against: City of Lakeland

**52.** Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

**53.** The City of Lakeland maintained official customs, policies, or widespread practices that directly resulted in the deprivation of Plaintiff's constitutional rights, including but not limited to:

- Failing to investigate and prosecute violent felonies against women;

- Coordinating with private actors and defense attorneys to suppress and falsify evidence;

- Retaliating against victims who speak out or file civil complaints;

- Deliberately misrepresenting to Plaintiff that her case was referred to the State Attorney's Office, when in fact, the State Attorney later confirmed no such referral was ever received.

**54.** This pattern of misconduct reveals a deliberate indifference to constitutional rights and a culture of impunity within City leadership and law enforcement.

**55.** As a direct and proximate result of these unconstitutional policies, Plaintiff suffered harm including but not limited to loss of safety, emotional trauma, public exposure, reputational damage, and denial of due process and equal protection.

**56.** Plaintiff is entitled to compensatory and punitive damages, attorneys' fees under 42 U.S.C. § 1988, and all other relief the Court deems just and proper.

**Count V: Negligence Against: Neighborhood Restaurant Partners, LLC, Amber Bergen, Lindsay Meadows, and John Doe**

57. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

57a. Defendant Neighborhood Restaurant Partners, LLC is vicariously liable under the doctrine of respondeat superior for the negligent acts and omissions of its employees, including Amber Bergen, Lindsay Meadows, and John Doe, committed within the course and scope of their employment at the Applebee's restaurant.

58. Defendants owed a duty of care to Plaintiff as a customer lawfully on the premises. This duty included taking reasonable steps to ensure her safety and to prevent foreseeable harm.

59. Defendants breached that duty by failing to intervene, failing to call emergency services, and allowing Plaintiff to be drugged, incapacitated, and abducted while under their care.

60. These breaches of duty were the direct and proximate cause of Plaintiff's injuries, including physical and emotional trauma.

61. Plaintiff is entitled to compensatory damages and all other relief this Court deems just and proper.

**Count VI: Spoliation of Evidence and Evidence Tampering Against: Neighborhood Restaurant Partners, LLC, Lydecker LLP, and City of Lakeland**

62. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 61 as if fully set forth herein.

63. Defendants had a legal duty to preserve surveillance footage, incident records, and other documentation relevant to Plaintiff's assault and subsequent legal claims.

64. Despite this obligation, Defendants intentionally altered, destroyed, or concealed such evidence. This includes—but is not limited to—Applebee's edited surveillance footage, false or incomplete incident reports, and the City of Lakeland's failure to transmit the case file to the State Attorney's Office as falsely represented.

65. These actions constitute knowing spoliation of evidence and intentional tampering, committed to mislead investigators, suppress the truth, and obstruct Plaintiff's ability to pursue redress through the courts.

66. Plaintiff is entitled to sanctions, adverse inference instructions, compensatory and punitive damages, and any other relief this Court deems just and proper. The conduct described herein also implicates criminal liability under 18 U.S.C. § 1519 (destruction, alteration, or falsification of

records in federal investigations), which prohibits the knowing destruction
or concealment of documents with intent to obstruct a federal matter or
judicial proceeding, including but not limited to Plaintiff's civil rights claims
pending or anticipated in federal court, and her submissions to the Florida
Attorney General and the U.S. Department of Justice. Additionally, courts
have consistently imposed severe sanctions, including dismissal, for
egregious spoliation of evidence. See _Silvestri v. Gen. Motors Corp., 271
F.3d 583 (4th Cir. 2001)_; _Flury v. Daimler Chrysler Corp., 427 F.3d 939
(11th Cir. 2005)._

**Count VII: Perjury and Falsification of Official Records (State Law Claim)
Against: Jeremy Smith, Amber Bergen, Lindsay Meadows, Neighborhood
Restaurant Partners, LLC, Attorney Jason Murphy, Forrest Andrews,
Daniella Escobio, and Lydecker LLP**

**67.** Plaintiff realleges and incorporates by reference the allegations contained in
Paragraphs 1 through 66 as if fully set forth herein.

**68.** Defendants knowingly made false statements under oath and submitted
false or misleading documentation during the course of criminal and civil
investigations related to Plaintiff's assault and subsequent litigation.

**69.** Defendant Jeremy Smith provided knowingly false testimony regarding his relationship to Plaintiff and his conduct on the night of July 27, 2021.

**70.** Defendants Amber Bergen and Lindsay Meadows provided false witness statements regarding Plaintiff's condition, timeline of events, and Defendant Smith's presence and actions at Applebee's.

**71.** Neighborhood Restaurant Partners, LLC, through its management and legal counsel, ratified these false statements and attempted to conceal employee misconduct.

**72.** Attorney Jason Murphy knowingly falsified official court records or certifications related to the case, further obstructing Plaintiff's access to justice.

**73.** These actions constitute perjury and falsification of public records under Florida law and contributed to the cover-up of a violent felony and deprivation of Plaintiff's rights.

**74.** Plaintiff is entitled to compensatory and punitive damages, and such further relief as the Court deems just and proper. These actions may also constitute federal crimes, including violations of 18 U.S.C. § 1001 (false statements), § 1519 (falsification of records), and § 1621 (perjury). See _United States v. Dunnigan, 507 U.S. 87 (1993)_ (perjury includes knowingly making a false declaration under oath).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Dr. Charmaine Saunders respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff and against all Defendants, jointly and severally;

2. Award compensatory damages in an amount of one hundred million dollars ($100,000,000.) or as determined at trial for physical, emotional, professional, and reputational harm;

3. Award punitive damages for the willful, malicious, and intentional conduct of Defendants;

4. Award legal costs and out-of-pocket litigation expenses incurred by Plaintiff as a pro se litigant pursuant to applicable law;

5. Grant injunctive relief as necessary to prevent further retaliation, harassment, or surveillance against Plaintiff;

6. Issue declaratory relief affirming that Defendants violated Plaintiff's rights under the United States Constitution and federal and state law; This relief is sought pursuant to 28 U.S.C. § 2201 (Declaratory Judgment Act);

7. Impose sanctions and adverse inference instructions for spoliation of evidence;

**8.** Grant all such other relief as the Court deems just, proper, and equitable in

the interests of justice.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**Dated:** April 17th, 2025

Respectfully submitted,

*/s/Charmaine Saunders*

Dr. Charmaine Saunders Pro Se Litigant
P.O. Box 4662
Plant City, FL 33563
charmainesaunders89@gmail.com
(863)738-7920