# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHARMAINE SAUNDERS,

    Plaintiff,

v.                                              Case No. 8:25-cv-985-KKM-NHA

NEIGHBORHOOD RESTAURANT
PARTNERS, LLC et al.

    Defendants.

_____

## ORDER

Pro se plaintiff Charmaine Saunders sues private companies, their employees, and their lawyers, alleging a coordinated campaign to prevent her from obtaining relief in state and federal lawsuits concerning a sexual assault that allegedly occurred in 2021. 4th Am. Compl. (Doc. 16). The defendants move to dismiss all counts. Mots. (Docs. 27, 28, 32, 40, 43, 44).

The Court orders Plaintiff Saunders to show cause why her claims should not be dismissed with prejudice. Saunders is directed to establish—in a paper no longer than twenty pages—address the concerns outlined below. Failure to do so will result in dismissal of all claims with prejudice without further notice.

## I. BACKGROUND

In a 39-page fourth amended complaint, Saunders alleges that a "network of private corporations, legal professionals, and state actors—including law enforcement and judicial officers" coordinated against her in state and federal lawsuits that she filed arising out of an alleged sexual assault at an Applebee's in 2021. 4th Am. Compl. at 3.

This case centers on misconduct that Saunders alleges occurred immediately after the alleged assault and during subsequent litigation. Saunders sues "corporate defendants" Neighborhood Restaurant Partners, LLC (NRP), which operates the Applebee's location where the assault allegedly occurred, as well as BH Management Services, LLC, and BREIT MF Preserve at Lakeland, LLC, who appear to own or operate Saunders's residence. *Id.* ¶¶ 1, 16. Saunders also sues Applebee's employees Amber Bergen, Lindsay Meadows, and "John Doe," as well as the alleged assailant Jeremy Smith. *Id.* ¶ 2. Finally, she sues the attorneys of various defendants in the federal and state litigation, Jason Murphy, Forrest Andrews, Daniella Escobio, William Backer, and Ricardo De Lucca. *Id.* ¶¶ 20–27. And though Saunders does not name them as defendants in this suit, her complaint alleges that "[s]tate actors," including a detective, state court judges, "and unidentified court personnel[,] . . . furthered the enterprise's objectives by delaying adjudication

2

of Plaintiff's filings, ignoring evidence [of] tampering, and manipulating jurisdictional rulings." *Id.* at 4.

According to Saunders, "[t]he common purpose of this enterprise was to silence [her], destroy her financial stability, deny her access to courts, and protect the institutional reputation and liability exposure of major corporate entities intertwined with local government interests." *Id.* at 5.

Saunders's allegations break down into roughly two categories—accusations of misconduct in litigation, the bulk of which allege fraud, and out-of-court intimidation tactics. A sampling suffices. Saunders alleges, for example, that Andrews "fabricat[ed]" certifications of service and "interfere[ed] with [her] access to the court's electronic filing portal, thereby locking her out of case developments." *Id.* ¶ 6. Andrews further "suppressed evidence" and "safeguard[ed] the enterprise" by objecting to a continuance in a state court case that would have allowed Saunders to call a "critical witness." *Id.* ¶ 24. Saunders accuses Escobio of "participat[ing] in the concealment strategy" by "falsely testifying that she did not believe [Saunders] had been raped and suggesting [Saunders] fabricated the incident." *Id.* ¶ 9.

Alleged out-of-court intimidation tactics include "the delivery of 1000 rounds of live ammunition to her residence," "men posing as surveyors, locksmiths, [a] dog trainer, and fishermen" near her home, car tire slashing,

3

and the refusal of her realtor (who is not a named defendant) "to conduct meaningful showings." *Id.* ¶¶ 34–38.

Saunders has filed several lawsuits in this Court relating to the underlying sexual assault. In *Saunders I*, NRP won summary judgment on the grounds that it could not be held vicariously liable for the alleged conduct of its employees. *Saunders v. Neighborhood Rest. Partners*, No. 8:22-CV-2483-TPB-CPT, 2023 WL 6809646, at *3–4 (M.D. Fla. Oct. 16, 2023). *Saunders II* was dismissed on the grounds of res judicata, a decision upheld by the Eleventh Circuit. *See Saunders v. Neighborhood Rest. Partners*, No. 8:23-CV-2586-SDM-AAS, 2024 WL 310042 (M.D. Fla. Jan. 26, 2024), *aff'd*, No. 24-10578, 2025 WL 1805781 (11th Cir. July 1, 2025). On April 17, 2025, Saunders filed two suits, the instant matter and a suit against state court judges, *Saunders v. Ojeda et al.*, No. 8:25-cv-978-MSS-NHA (M.D. Fla. Apr. 17, 2025). In *Ojeda*, Judge Scriven determined that "Saunders is a vexatious litigant" under 28 U.S.C. § 1651(a) and required pre-screening for Saunders's future pleadings. *See id.* (Doc. 13) at 6.

In this suit, Saunders alleges violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), as well as 28 U.S.C. §§ 1983, 1985, and 1986. The defendants move to dismiss all counts for failure to state a claim, and some defendants also cite res judicata and the statute of limitations. *See* (Docs. 27, 28, 32, 40, 43, 44). Saunders objected to some of the motions and

4

moved to file a fifth, 116-page amended complaint. (Docs. 46, 58). The defendants objected, (Docs. 64–66), and the Court denied the request, (Doc. 70).

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 8(a)(2)

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id*. (quoting *Twombly*, 550 U.S. at 557).

### B. Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This rule "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged." *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (citation modified).

Rule 9(b) demands that a complaint allege the " 'facts as to time, place, and substance of the defendant's alleged fraud,' specifically 'the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them.' " *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) (quoting *Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 567 (11th Cir. 1994) (per curiam)).

### C. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Evaluating plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* (quoting FED. R. CIV. P. 8(a)(2)). Likewise, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. "[A] court considering a motion to dismiss can choose to begin by identifying" when a pleading is merely a "legal

conclusion couched as a factual allegation" and thus "not entitled to the assumption of truth." *Id.* at 678–79.

## III. ANALYSIS

At least some of Saunders's claims are "attempt[s] to relitigate specific claims arising from the same set of factual circumstances that have been litigated and adjudicated in the past." *Atraqchi v. United States*, No. 24-12625, 2025 WL 1564553, at *5 (11th Cir. June 3, 2025) (citation modified), *cert. denied*, No. 25-339, 2025 WL 3260203 (U.S. Nov. 24, 2025); *see Saunders II*, 2025 WL 1805781, at *1 (affirming dismissal because of res judicata). Saunders avoids a straightforward res judicata dismissal of all claims by naming additional parties and alleging conduct outside her prior federal cases. Thus, to resolve the action for all parties, I only consider res judicata where application of the doctrine is clear. Otherwise, I evaluate the claims as a whole and on the merits.

Similarly, the attorney-defendants argue that much of the alleged activity is protected by litigation privilege. *See, e.g.* Backer MTD (Doc. 43) at 10; De Lucca MTD (Doc. 40) at 10. This may well be true, however, in the interest of efficiency and to provide finality for all parties, I do not address these arguments because Saunders's claims otherwise fail on their merits.

7

Finally, treating the claims together is especially appropriate because Saunders alleges that the defendants joined in an unlawful enterprise and conspiracy.

**A. Res Judicata**

Res judicata requires dismissal of Saunders's claims against NRP. "Res judicata prevents plaintiffs from bringing claims related to prior decisions when the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1324 (11th Cir. 2024) (citation modified), *cert. denied*, 145 S. Ct. 2701 (2025). "[C]ases involve the same cause of action for purposes of *res judicata* if the present case 'arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action.' " *Saunders II*, 2025 WL 1805781, at *4 (quoting *Israel Disc. Bank Ltd. v. Entin*, 951 F.2d 311, 315 (11th Cir. 1992)). A plaintiff—including one proceeding pro se—cannot "save[] her complaint by amending it" when "her claims [are] barred by *res judicata*." *DeBose v. Ellucian Co., L.P.*, 802 F. App'x 429, 435 (11th Cir. 2019) (per curiam).

In *Saunders II*, Saunders asserted the same tort claims against NRP as in *Saunders I*, and alleged a conspiracy premised on litigation misconduct. *See* 2025 WL 1805781, at *1–2. "[E]ven though there were some differences

8

between the two suits," the Eleventh Circuit held that "they involved the same causes of action . . . . because *res judicata* generally applies not only to issues that were litigated, but also to those that should have been but were not." *Id.* at *4. (citation modified). That analysis applies here. Saunders alleges misconduct in the same litigation. And all potentially new allegations either (1) could have been raised in the previous suit; (2) fail to tie NRP to the conduct; or (3) are implausible. *See, e.g.*, 4th Am. Compl. at 5–6, 9–11, 25, 29, 32, 34. Indeed, Saunders herself explains that "[t]he events detailed herein stem from Plaintiff's drugging and sexual assault . . . and the *ensuing* concerted efforts by Defendants to conceal the truth." *Id.* at 2 (emphasis added). Amendment is likely futile. In her memorandum, Saunders should explain how amendment would fix the above issues regarding the *new* allegations not previously raised in *Saunders I* or *Saunders II*.

**B. RICO Claims**

Counts I and II allege RICO violations. In Count I, Saunders alleges that NRP, attorneys Andrews, Murphy, Backer, De Lucca, and non-attorneys Bergen, Meadows, Smith, and "John Doe" took part in an enterprise that "operated through a pattern of racketeering activity, including . . . witness tampering, destruction of evidence, wire fraud, mail fraud, and misuse of official state processes." 4th Am. Compl. at 18–20. In Count II, Saunders alleges that all defendants (adding BH Management and BREIT MF to the list)

9

"conspired to participate in the affairs of the unlawful enterprise described in Count I." *Id.* at 21.

Dismissal is warranted. The most straightforward reason is that Saunders fails to plead the existence of an enterprise as required under RICO, and so I proceed primarily on that basis. *See United States v. Espinoza*, 635 F. App'x 739, 750 n.9 (11th Cir. 2015) (per curiam) ("The existence of a RICO enterprise is one element of a RICO conspiracy.").

Saunders alleges the existence of an "association-in-fact" enterprise, *id.* at 19, which is "a group of persons associated together for a common purpose of engaging in a course of conduct." *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1309 (11th Cir. 2022) (citation modified). The defendants respond that Saunders fails to meet the elements of an enterprise. *See, e.g.*, Backer MTD at 7–8; NRP MTD (Doc. 32) at 17–20. They are correct.

"[A]n association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009). The "structure" must be "ascertainable . . . beyond that inherent in the pattern of racketeering activity in which it engages." *United States v. Graham*, 123 F.4th 1197, 1271 (11th Cir. 2024) (quoting *Boyle*, 556 U.S. at 940–41).

10

Saunders "has alleged no facts that plausibly support the inference that the defendants were collectively" targeting her, "as opposed to the 'obvious alternative explanation' that they were simply trying" to defend themselves and their clients in lawsuits that she initiated. *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1212 (11th Cir. 2020) (quoting *Twombly*, 550 U.S. at 567).

To establish the enterprise, Saunders alleges disconnected actions that are either entirely ordinary or too conclusory and vague to withstand Rule 8(a). For example, she alleges that the defendant attorneys "coordinated" with state court judges to "weaponiz[e] the judicial process against her." 4th Am. Compl. at 20. As evidence, she describes ordinary behavior in litigation, such as an attorney "object[ing] to a continuance" and a judge denying her motion. *Id.* ¶¶ 23–24; *see also id.* ¶ 9 (alleging that attorney Escobio defrauded the court by testifying that she did not *believe* Saunders's allegations). Ordinary objections and orders by attorneys and judges do not demonstrate an enterprise relationship or an unlawful purpose sufficient to violate RICO.[1] And where Saunders alleges actions that *might* be unlawful, she fails to do so with requisite specificity or to connect them in a manner that plausibly alleges an enterprise.

---

[1] I do not address defendants' arguments that an attorney-client relationship cannot be the basis for an enterprise under RICO as a matter of law.

11

Regarding the out-of-court allegations, Saunders does not allege any pattern of behavior *by the defendants* that could amount to a conspiracy. Saunders does not explain the connection between "the delivery of 1000 rounds of live ammunition," "multiple impersonation attempts by unknown individuals," her realtor "refus[ing] to conduct meaningful showings," two of the defendants "fil[ing] an eviction," and "a high volume of spam and prank calls" beyond that the events occurred as her "legal actions progressed." *See id.* ¶¶ 34–39; *see Iqbal*, 556 U.S. at 678 (holding that the Federal Rules of Civil Procedure "demand more than an unadorned, the defendant-unlawfully-harmed-me accusation"). These allegations fail to support a plausible enterprise. The Court also notes that, where Saunders alleges predicate acts involving fraud, the allegations are too vague to satisfy Rule 9(b).

Because Saunders fails to plead the necessary elements of a RICO claim, Counts I and II warrant dismissal. *See Omnipol*, 32 F.4th at, 1309 ("[F]ailure to properly allege [the enterprise] element warrants the complaint's dismissal."). Finally, I note that Saunders fails to show that the acts *by different parties* were sufficiently "related" and that they "demonstrated criminal conduct of a *continuing* nature." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1264 (11th Cir. 2004); *see id.* at 1266 ("Any examination of the issue must begin with the Supreme Court's warning that predicate acts extending over a few weeks or months and threatening no

future criminal conduct do not satisfy this requirement.") (citation modified). In her memorandum, Saunders must explain why amendment of the RICO claims would not be futile.

### B. Civil Rights Claims

Counts III through VII allege civil rights violations and generally rely on the same behavior alleged for the RICO claims. Count III, brought against the attorneys and employees, fails because Saunders's allegations are conclusory, unspecific, and otherwise fail to show that the private defendants "reached an understanding" to deny Saunders her constitutional rights in conspiracy with state actors. *See Reed v. Strickland*, No. 24-10435, 2025 WL 1554373, at *2 (11th Cir. June 2, 2025) (per curiam) ("Private parties are not liable under § 1983 unless they conspire with state actors.") (citing *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990)).

Counts IV, V, and VI fail to allege a conspiracy under 42 U.S.C. §§ 1985(2) and (3). Both §§ 1985(2) and (3) require the existence of a conspiracy to state a claim. *Farese v. Scherer*, 342 F.3d 1223, 1229 (11th Cir. 2003) (per curiam) ("Section 1985(2) prohibits conspiracies to intimidate parties or witnesses to federal lawsuits."); *Childree v. UAP/GA CHEM, Inc.*, 92 F.3d 1140, 1146–47 (11th Cir. 1996) (listing conspiracy as an element of a § 1985(3) claim).

Saunders is not always clear about who she alleges the conspiracy was *between*, but a review of the options shows she has failed to state a claim. To the extent Saunders alleges a conspiracy between lawyers and their clients, her claims fail because much of the alleged conduct was "within the scope of [legal] representation." *Farese*, 342 F.3d at 1232 ; *see* 4th Am. Compl. at 30 (alleging that Smith and Applebee's employees lied to law enforcement "on the direction of legal counsel"); *see id.* at 32. Attorneys are "immune from an allegation of a § 1985 conspiracy" for such actions and "because § 1985 requires conduct by more than one actor, the allegations of misconduct by [a defendant] alone may not support [Saunders's] § 1985 claims." *Farese*, 342 F.3d at 1232. As for conduct unrelated to legal proceedings, Saunders's allegations are conclusory and do not specifically connect multiple defendants. *See, e.g.,* 4th Am. Compl. at 25 (alleging that "Smith, acting in concert with others, directly intimidated [her] through acts of stalking, . . . tire slashing, and impersonation, specifically designed to interfere with her court participation").

To the extent Saunders alleges a conspiracy among the non-attorney defendants, she fails to state a plausible claim or plead with enough detail to satisfy Rule 8). The only direct allegation of the non-attorneys working *together* is the sexual assault. *Id.* ¶¶ 1–2 (alleging that the Applebee's employees "coordinated" with Smith to facilitate the sexual assault). But, under Saunders's theory, the conspiracy primarily aimed to prevent her from seeking

14

redress for the assault after the fact. *See id.* at 24 (alleging that "Defendants . . . retaliated against Plaintiff for exercising her First Amendment right to petition the courts and report sexual violence").

Saunders's remaining allegations are either too vague or disconnected to tie the defendants in conspiratorial activity. *See id.* at 25 (alleging that the Applebee's employees "engaged in false statements to law enforcement to minimize their role in the [sexual assault]"). That multiple defendants lied to law enforcement does not mean there was an unlawful *conspiracy* to do so.[2] *See Iqbal*, 556 U.S. at 678–80 (noting that the existence of a conspiracy is a legal conclusion not entitled to the assumption of truth); *cf. Twombly*, 550 U.S. at 564–65 (distinguishing "descriptions of parallel conduct" from "any independent allegation of actual agreement" necessary to establish a conspiracy).

As for the remaining allegations of illegal conduct that occurred *outside* of court proceedings (such as the delivery of ammunition), Saunders fails to tie the conduct to any of the named defendants, thereby not stating a plausible claim, and Counts IV, V, and VI fail. Finally, Count VII for violation of 42

---

[2] Saunders's civil rights claims, which are largely based on accusations of fraudulent conduct, also fail to satisfy Rule 9(b)'s heightened pleading standard for fraud. *See, e.g.*, Compl. at 28 (alleging that defendants made "false reports" and "supported a fabricated narrative that [Saunders] was not a victim"); *id.* at ¶¶ 34–39.

15

U.S.C. § 1986 fails because Saunders does not establish a predicate violation of § 1985. *See Farese*, 342 F.3d at 1232 n.12 (explaining that "§ 1986 claims are derivative of § 1985 claims).

For all counts, Saunders must explain why any future amendment would not be futile.

### IV. CONCLUSION

Saunders's RICO and civil rights claims fail for vagueness and failure to plausibly plead essential elements. Res judicata also bars the claims against NRP. The defendants move to dismiss all claims, and I agree that dismissal of all claims is warranted. I order Saunders to show cause why dismissal should be without prejudice—in other words, how any amendment of her claims would cure the issues above. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (noting that dismissal with prejudice (and thus without leave to amend) is warranted "when the complaint as amended would still be properly dismissed" (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

Accordingly, the following is **ORDERED**:

1. Plaintiff Saunders is **DIRECTED** to establish—no later than **February 6, 2026**, and in a paper no longer than twenty (20) pages—why the Court should not dismiss all claims with prejudice. Specifically, Saunders should explain how further amendment of her claims would fix the

problems described above. The memorandum must include non-conclusory and specific facts responsive to this order. If Saunders fails to show cause, then I will grant the motions to dismiss (Docs. 27, 28, 32, 40, 43, 44), and this action will be dismissed with prejudice.

**ORDERED** in Tampa, Florida, on January 23, 2026.

Kathryn Kimball Mizelle
United States District Judge